B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>Xanadoo Holdings, Inc. | **Name of Joint Debtor** (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Pegasus Satellite Communications Holdings, Inc. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>56-2293018 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>225 City Line Avenue, Suite 100<br>Bala Cynwyd, PA<br>ZIP CODE 19004 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Montgomery | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>Holding Company | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☑ Chapter 11      Main Proceeding<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                            Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Xanadoo Holdings, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: District of Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B1 (Official Form) 1 (4/10) | Page 3 |
|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)
Rafael X. Zahralddin-Aravena, Esq. (No. 4166)
Printed Name of Attorney for Debtor(s)
Elliott Greenleaf
Firm Name
1105 N. Market Street, Suite 1700
Wilmington, Delaware 19801
Address
(302) 384-9400
Telephone Number
06/10/2011
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Scott A. Blank
Printed Name of Authorized Individual
Senior Vice President
Title of Authorized Individual
06/10/2011
Date

**EXIBIT 1**

## LIST OF AFFILIATED DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this Chpater11 case) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. A motion requesting that these Chapter 11 cases be jointly administered will be filed either contemporaneously with these petitions or prior to the first day hearing in these cases.

1. Pegasus Rural Broadband, LLC, a Delaware limited liability company

2. Pegasus Guard Band, LLC, a Delaware limited liability company

3. Xanadoo Spectrum, LLC, a Delaware limited liability company

4. Xanadoo Holdings, Inc., a Delaware corporation

5. Xanadoo, LLC, a Delaware limited liability company

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| Xanadoo Holdings, Inc., | ) | Case No. 11-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2293018 | ) | |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 20 LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors"), each filed a voluntary petition in this Court on June 10, 2011 (the "Petition Date") for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532. The following is a list of the Debtors' twenty largest unsecured creditors on a consolidated basis (the "Top 20 List") based on the Debtors' books and records as of the Petition Date. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtors. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

| (1) Name of Creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| Region V Education Service Center | ATTN : ACCOUNTING MGR<br>2295 DELAWARE STREET<br>BEAUMONT, TX 77703 | License Lease | | $451,855.08 |
| The Source For Learning | 11490 COMMERCE PARK DRIVE<br>SUITE 230<br>RESTON, VA 20191-1532<br>(703) 860-9200 | License Lease | | $145,200.00 |
| COMPUCOM. | LIZ STALLWORTH<br>PO BOX 8500-50970<br>PHILADELPHIA, PA 19178-0970<br>(972) 856-4367 | Software Services | Disputed | $115,081.00 |
| WIRELESS COMMUNICATIONS ASSOC | 1333 H STREET, N.W.<br>SUITE 700 WEST<br>WASHINGTON, DC 20005<br>(202) 452-7823 | Dues | | $75,000.00 |
| 225 CITY ASSOCIATES, L.P. | ONE PRESIDENTAL BLVD.<br>SUITE 300<br>BALA CYNWYD, PA 19004 | Rent - Office Space | | $55,763.30 |
| Fulton City School District | ATTN: BUSINESS MGR<br>304 WEST STATE LINE<br>FULTON, KY 42041 | License Lease | | $50,000.00 |
| ASHER & COMPANY, LTD. | TEN PENN CENTER<br>1801 MARKET STREET<br>SUITE 1700<br>PHILADELPHIA, PA 19103<br>(215) 564-1900 | Professional Services | | $48,975.00 |
| LUBARA INVESTMENT, LLC | 14632 CARNELIAN GLEN COURT<br>SARATOGA, CA 95070 | Rent - Former Retail Store | Disputed | $46,104.00 |
| FRANKLIN REAL ESTATE | C/O FRANKLIN REAL ESTATE<br>ADVISORY GROUP<br>P.O. BOX 6454<br>ABILENE, TX 79608-6454 | Rent - Former Retail Store | Disputed | $40,500.00 |
| INSITE TOWERS, LLC | PO BOX 759178<br>BALTIMORE, MD<br>(325) 691-0495 | Tower Rent | | $40,149.80 |

| Creditor | Address | Type | Status | Amount |
|---|---|---|---|---|
| SCE BROADBAND TX, LLC | STEPANIE ENGSTROM<br>500 AVENUE G #25<br>REDONDO BEACH, CA 90277-6002<br>(310) 540-9867 | License Lease | | $33,000.00 |
| PHILLIP KEITH | 339 COVERED BRIDGE ROAD<br>KING OF PRUSSIA, PA 19406 | Severance | | $31,655.00 |
| AUBURNDALE PARKER LP | C/O ROBERT CARLIN COMPANIES<br>5115 MCKINNEY AVENUE, STE F<br>DALLAS, TX 75205 | Rent - Former Retail Store | Disputed | $29,870.88 |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | PO BOX 601240<br>CHARLOTTE, NC 28260-1240 | Professional Services | | $28,837.96 |
| UBOWIRELESS PTY LTD | PO BOX Q74, QVB NSW 1350<br>LEVEL 21, 1 MARKET STREET<br>SYDNEY<br>NSW 2000 | Software Services | Disputed | $28,200.00 |
| LUBBOCK CENTRAL | PO BOX 10568<br>1715 26TH STREET<br>LUBBOCK, TX 79408-3568<br>(806) 762-5000 | Prop Tax 2009 & 2010 | | $28,000.00 |
| BLOOMINGTON ISD | PO BOX 158<br>BLOOMINGTON, TX 77951<br>(361) 897-1652 | License Lease | | $26,700.00 |
| Concordia College | CURT SHERMAN<br>800 N. COLUMBIA AVE.<br>SEWARD, NE 68434 | License Lease | | $24,228.34 |
| WALLMAN CONSULTING, LLC | 9332 RAMEY LANE<br>GREAT FALLS, VA 22066<br>(202) 631-5387 | Professional Services | | $23,292.50 |
| Temple Junior College | 2600 SOUTH 1ST STREET<br>TEMPLE, TX 765 | License Lease | | $22,250.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| Xanadoo Holdings, Inc., | ) | Case No. 11-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2293018 | ) | |
| | ) | |

### DECLARATION CONCERNING THE CONSOLIDATED LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

I, Scott A. Blank, the Senior Vice President of Xanadoo Holdings, Inc., a Delaware corporation, declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the 20 largest unsecured claims against the debtors and that the information contained therein is true and correct to the best of my information and belief.

Date: June 10, 2011

_____
Name: Scott A. Blank
Title: Senior Vice President

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| Xanadoo Holdings, Inc., | ) | Case No. 11-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2293018 | ) | |
| | ) | |

## DECLARATION UNDER PENALTY OF PERJURY
## CONCERNING LIST OF EQUITY SECURITY HOLDERS

    I, Scott A. Blank, the Senior Vice President of Xanadoo Holdings, Inc., a Delaware corporation, declare under penalty of perjury that I have reviewed the foregoing list of equity security holders and that the information contained therein is true and correct to the best of my information and belief.

Date: June 10, 2011

                            _/s/ Scott A. Blank_
                            Name: Scott A. Blank
                            Title: Senior Vice President

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| Xanadoo Holdings, Inc., | ) | Case No. 11-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 56-2293018 | ) | |
| | ) | |

## STATEMENT OF CORPORATE OWNERSHIP PURSUANT
## TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1)

Xanadoo Holdings, Inc., a Delaware corporation, respectfully represents that Xanadoo Spectrum, LLC directly owns 100% of the Debtor's equity interests.

Date: June 10, 2011

_____
Name: Scott A. Blank
Title: Senior Vice President

# XANADOO HOLDINGS, INC.

## WRITTEN CONSENT OF THE SOLE DIRECTOR

Pursuant to Section 141(f) of the Delaware General Corporation Law, the undersigned, being the sole director of Xanadoo Holdings, Inc., a Delaware corporation (the "Company"), hereby consents and agrees that the following resolutions are hereby adopted as the resolutions of the Board of Directors of the Company:

RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11, United States Code (the "Code"); and further

RESOLVED, that any individual duly appointed by the Board of Directors as Chief Executive Officer, President, Vice President, Secretary, or Treasurer (each an "Authorized Officer" and together, the "Authorized Officers") are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under Chapter 11 of the Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine and in such form or forms as such Authorized Officer may approve; and further

RESOLVED, that each of the Authorized Officers be, and each of them is, hereby authorized on behalf of, and in the name of, the Company to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, to take any and all such other and further actions which the Authorized Officer or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under Chapter 11, and to take and perform any and all further acts and deeds which they deem necessary, proper and desirable in connection with the Chapter 11 case, with a view to the successful prosecution of such case, including, without limitation, seeking authority to borrow, and borrowing, amounts under a post-petition financing facility, and granting liens, guarantees, pledges, mortgages and other security therefor; and further

RESOLVED, that the firm of Elliott Greenleaf be, and it hereby is, employed as bankruptcy attorneys for the Company under a general retainer in connection with the prosecution of the Company's case under Chapter 11 of the Code; and further

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to employ and retain (including executing appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case) legal counsel, investment bankers, financial advisors, accountants and other professionals in addition to those set forth herein, to advise the Company in connection with its case under Chapter 11 of the Code and matters related thereto; and further

RESOLVED, that each of the Authorized Officers of the Company be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge and deliver (and record in a relevant office of the county clerk, if necessary) any and all such agreements listed above (including exhibits thereto), including any and all affidavits, orders, directions, certificates, requests, receipts, financing statements or other instruments as may reasonably be required to give effect to these resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to fully perform the terms and provisions thereof; and further

RESOLVED, that each of the Authorized Officers of the Company be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge and deliver all such additional documents, agreements and certificates as may reasonably be required to give effect to the consummation of the transactions contemplated by these resolutions and any Chapter 11 plan, and to execute and deliver such documents, agreements and certificates, and to fully perform the terms and provisions thereof; and further

RESOLVED, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken by the Authorized Officers of the Company on its behalf, such actions are hereby ratified and confirmed in their entirety.

Dated: June 6, 2011

_____
Marshall W. Pagon

# CERTIFICATE

The undersigned, Scott A. Blank, Secretary of Xanadoo Holdings, Inc. (the "Company"), a Delaware corporation, hereby certifies as follows:

I. I am the duly qualified and elected Secretary of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify same on behalf of the Company.

II. Attached hereto is a true, complete and correct copy of the Written Consent of the Sole Director of the Company adopted in accordance with the by-laws of the Company.

III. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 10th day of June, 2011.

                                                                                         _____
                                                                                         Scott A. Blank, Secretary